| | | |
|---|---|---|
| Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>Panel II | | |
| MARGARITA SOTO<br>Recurrida<br><br>v.<br><br>SUPERMERCADOS MR. SPECIAL, INC.; CHUBB INSURANCE COMPANY OF PUERTO RICO; CORPORACIONES ACME; ASEGURADORAS X, Y, Z; JOHN DOE y JANE ROE<br>Peticionarios | KLCE202301022 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Lares<br><br>Caso Núm. UT2022CV00479<br><br>Sobre:<br>Daños y Perjuicios |

Panel integrado por su presidente, el Juez Bermúdez Torres, el Juez Adames Soto y la Juez Aldebol Mora

Adames Soto, Juez Ponente

## **RESOLUCIÓN**

En San Juan, Puerto Rico, a 27 de noviembre de 2023.

a.

Comparece Supermercados Mr. Special Inc. y su aseguradora, Chubb Insurance Co., (los peticionarios), acuden ante nosotros solicitando la revocación de una *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Lares, el 15 de agosto de 2023. Mediante dicho dictamen el foro primario denegó una solicitud de sentencia sumaria presentada por los peticionarios, en la que estos adujeron que la parte demandante de epígrafe, aquí recurrida, permitió que transcurriera el término prescriptivo para instar la causa de acción por daños y perjuicios, sin haberlo interrumpido efectivamente, por lo que la demanda se encontraba prescrita.

Con mayor especificidad, la parte recurrida entabló demanda contra el supermercado aludido, por presuntamente haberse caído allí, el 18 de julio de 2020. Luego, el 1 de julio de 2021, esta misma parte envió una carta a los peticionarios, incluyendo la información pertinente que da lugar a la figura de la interrupción extrajudicial del término prescriptivo en las acciones por responsabilidad extracontractual. Como consecuencia, las partes intercambiaron varios correos electrónicos, relativos todos a la referida causa de acción, cuyas fechas precisas surgen de la *Resolución* recurrida. Eventualmente, el 12 de julio de 2022, la recurrida remitió una segunda carta a los peticionarios, reiterando la información que surgía en la misiva de 1 de julio de 2021.

En esencia, los peticionarios plantearon en la *moción de sentencia sumaria* ante el tribunal *a quo* que, aunque la carta de 1 de julio de 2021 remitida por la recurrida tuvo el efecto de interrumpir extrajudicialmente el término prescriptivo de un (1) año para instar la reclamación por daños y perjuicios, junto a esta iniciaba un nuevo término de un año para instar la correspondiente demanda, o presentar otra reclamación extrajudicial. Sin embargo, los peticionarios sostuvieron que dicho nuevo término de un (1) año transcurrió, sin que los recurridos instaran demanda o interrumpieran el término mediante otra carta que tuviera efecto de reclamación extrajudicial. Con mayor detalle, los peticionarios esgrimieron que esta última carta remitida por la recurrida, de 12 de julio de 2022, no tuvo efecto interruptor del término prescriptivo, pues, contando un año a partir del 1 de julio e 2021 (fecha de la primera reclamación extrajudicial), la carta de 2022 resultaba tardía e ineficaz para interrumpir el término.

Contrario a ello, el TPI juzgó que los correos electrónicos intercambiados entre las partes sobre la reclamación iniciada, que acontecieron entre las misivas del 1 de julio de 2021 y el 12 de julio de 2022, tuvieron efecto interruptor sobre el término prescriptivo. Por tanto,

concluyó que la carta de 12 de julio de 2022 resultó oportuna al verificar la interrupción del término para instar la demanda correspondiente, y por ello denegó desestimar la demanda por prescripción.

Ante nosotros, los peticionarios reproducen los planteamientos contenidos en la *Moción de sentencia sumaria*, acerca de la presunta prescripción de la causa de acción instada por la recurrida, a causa del transcurrir del término entre la carta de 1 de julio de 2021 y la del 12 de julio de 2022.

b.

Según es sabido, el auto de *certiorari* permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *Medina Nazario v. McNeil Healthcare LLC.,* 194 DPR 723 (2016). Es, en esencia, un recurso extraordinario mediante el cual se solicita al tribunal de superior jerarquía la corrección de un error cometido por el tribunal inferior. *García v. Padró*, 165 DPR 324 (2005). La expedición del auto descansa en la sana discreción del tribunal, y encuentra su característica distintiva, precisamente, en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. *IG Builders et al. v. BBVAPR*, 185 DPR 307 (2012).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52, establece que el recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurre, en lo pertinente, de la denegatoria de una moción de carácter dispositivo. La denegatoria de una moción de sentencia sumaria es una determinación sobre una moción de carácter dispositivo, por lo cual nos coloca dentro de las excepciones de las resoluciones interlocutorias en las que estamos habilitados para ejercer nuestra discreción al expedir un recurso de *certiorari* solicitado. A lo que hay que añadir que la revisión de una

denegatoria de sentencia sumaria por parte de este foro intermedio acontece *de novo*. *Roldán Flores v. Cuebas*, 199 DPR 664 (2018).

Con todo, el recurso extraordinario de *certiorari* sigue conservando su característica principal, que reside en la discreción reconocida al foro revisor para expedirlo o no. *La característica distintiva de este recurso se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. Rivera Gómez v. Arcos Dorados Puerto Rico, Inc.*, 2023 TSPR 65.

Examinada la *Moción de sentencia sumaria* instada por los peticionarios ante el TPI *de novo*, junto al escrito en oposición presentado por la recurrida, y el recurso de *certiorari*, no hallamos elementos que nos muevan a variar la determinación recurrida, por lo que declinamos ejercer nuestra discreción para intervenir con dicho dictamen interlocutorio en este momento.

c.

Examinado el recurso de *certiorari* presentado por los peticionarios de epígrafe, decidimos no expedirlo.

Lo pronunció y manda el Tribunal y lo certifica su Secretaria.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones